UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19- 01336 |
| ) | |
| A SCCY, LLC (Skyy Ind.) CPX-1, ) | |
| 9 CALIBER PISTOL, SERIAL NO. 315030,) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: A SCCY, LLC (Skyy Ind.) CPX-1, 9 Caliber Pistol, Serial No. 315030 for violations of 18 U.S.C. § 922(g) and 21 U.S.C. § 841.

**THE DEFENDANT IN REM**

2. The defendant was seized on July 17, 2019, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in Wichita, Kansas in the District of Kansas and is in the custody of ATF.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because an act or omission giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6. The defendant is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 881(a)(11) as it was used or involved in a violation of 18 U.S.C. § 922(g) and 21 U.S.C. § 841.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant of arrest *in rem* for

the arrest of the defendant; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendant; that the defendant be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

*/s/ Annette Gurney*
ANNETTE GURNEY #11602
Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Annette.gurney@usdoj.gov

## DECLARATION

I, Aaron Chaffee, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11 day of December, 2019.

_____
Aaron Chaffee
Special Agent,
Bureau of Alcohol, Tobacco, Firearms, and Explosives

## AFFIDAVIT IN SUPPORT OF A COMPLAINT FOR FORFEITURE

I, Aaron Chaffee, being first duly sworn, depose and state:

1. I am employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since January 2015, and I am currently assigned to the Wichita Field Office in Wichita, KS. As a Special Agent with ATF, I attended the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF Special Agent Basic Training. Prior to being employed by ATF, I was employed by the Wichita Police Department ("WPD"), which included positions as a Special Community Action Team officer ("SCAT") and a Gang Intelligence Officer, which specialized in violent crime, gang crime, and drug related investigations. As a Special Agent with ATF and/or WPD, I have received training in arson, explosives, firearms, tobacco, violent crime, gang related investigation and drug trafficking investigations. As a Special Agent with ATF and/or WPD, I have conducted and/or participated in investigations involving, explosives, firearms, controlled substances, and violent crimes. I have utilized confidential informants to obtain information and evidence, conducted thousands of interviews of suspects and witnesses, written and executed state/federal search warrants, and written and executed state/federal arrest warrants. I have conducted and/or participated in investigations resulting in the seizure of contraband, currency, vehicles, and other evidentiary items related to drug and violent crime investigations. I have received additional training by ATF, Advanced Investigative Techniques, into investigating RICO/VICAR and other complex investigations. I also have a Bachelor of Science degree in Criminal Justice.

2. The information contained in this affidavit is known to me through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement

personnel. This affidavit is submitted in support of a complaint for forfeiture for the following property:

    A. A SCCY, LLC (Skyy Ind.) CPX-1, 9 caliber pistol, with serial number: 315030.

3. On or about July 17, 2019, Special Agent (SA) Brandon Bansemer of the Kansas Department of Corrections (KDOC) received a request from the KDOC to conduct a search regarding Frederick Scott in regards to a possible parole violation.

4. SA Bansemer, along with KDOC SAs, Norman Richardson and Brad Jones, and WPD Officer Kyle Perry went to Scott's reported residence at XXXX N. Madison, Wichita, Kansas, which is a residence of by Laqueesha Jennings.

5. Scott was not home when the law enforcements officers arrived at the home and SA Bansemer left his business card with the young woman who answered the door to be given to Scott when he arrived home.

6. After a short time later, Officer Perry observed a Chevrolet Traverse pull into the garage of the residence, and, thereafter, Scott came out of the residence and looked up and down the street.

7. Scott then called SA Bansemer. SA Bansemer told Scott that a residence check and verification was needed. Scott stated he was just dropped off and would be at home waiting.

8. Upon arriving at the residence, Scott was spoken to outside and was informed that the officers had a request from his parole officer and parole supervisor to conduct a search of the his residence, vehicles, and any items he had control over as part of his conditions of parole/post release supervision.

9. During the initial search of the home, the officers did not find anything that was illegal or constituted a parole violation.

10. While looking at Scott's cell phone, SA Jones and Officer Perry located a video of an individual counting out a large sum of money on a bed. The video also showed what appeared to be a semi-automatic handgun. The comforter and bedroom in the video appeared to be the master bedroom in Scott's residence. There were additional photos on the phone that appeared to be a large amount of illegal drugs that SA Bansemer recognized as Ecstasy (MDMA).

11. Scott was placed under arrest and during a pat search, a large amount of U.S. currency was found in Scott's shorts pockets. Scott advised that there was $4100 in the bundles of cash. Scott also stated that the handgun belonged to Laqueesha Jennings.

12. SA Bansemer called Laqueesha Jennings and inquired about a handgun that might be inside her residence. Jennings advised that she owned a semi-automatic handgun and that the firearm should not be at home and should be locked up somewhere. The phone call terminated.

13. Jennings called the young woman present in the house (who was Jennings's daughter) and the phone was given to Officer Perry. Officer Perry advised the others that Jennings gave verbal permission to continue the search for the firearm because it was supposed to be in the glovebox of the Traverse, but it was not there anymore.

14. A backpack was located in the open area of the basement. Inside the backpack was the loaded firearm that is identified in paragraph 2, above. Officers also found a large amount of multi-color pills and a large amount of white prescription medication pills.

15. On November 6, 2019, Scott was indicted in District of Kansas, Case No. 19-10156 on the following charges: Count1 – possession of a firearm by a prohibited person (18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count 2 – possession of controlled substances with the intent

to distribute Methamphetamine and Alprazolam (21 U.S.C. § 841); and Count 3 – possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c). The case is pending.

16. Based on the foregoing, I have probable cause to believe that the A SCCY, LLC (Skyy Ind.) CPX-1, 9 caliber pistol, with serial number: 315030 was used or involved in violations of 18 U.S.C. § 922(g) and 21 U.S.C. § 841. Accordingly, I have probable cause to believe that this firearm is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 881(a)(11).

Aaron Chaffee
Special Agent
ATF

Sworn to and subscribed before me this 11th day of December, 2019.

MICHELLE R. KELLOGG
Notary Public - State of Kansas
My Appt. Expires 11/2/22

NOTARY PUBLIC